United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 10, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

———————————————

**No. 04-20414
Summary Calendar**

———————————————

**AARON GREENLEE,**

**Plaintiff-Appellee,**

**versus**

**DEAN DARREN ALLREAD, Etc.; ET AL.,**

**Defendants,**

**DEAN DARREN ALLRED, individually and in his official
capacity as Deputy Sheriff for Harris County,**

**Defendant-Appellant.**

———————————————————————————————

**Appeal from the United States District Court
for the Southern District of Texas
(4:01-CV-1335)**

———————————————————————————————

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Dean Darren Allred, a former deputy sheriff for Harris County, Texas, pursues this interlocutory appeal from the denial of his qualified immunity claim for a false arrest claim brought pursuant to 42 U.S.C. § 1983 by Aaron Greenlee. We have jurisdiction to determine, as a matter of law, whether a defendant is entitled to qualified immunity, after accepting all of the plaintiff's factual

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

allegations as true, by determining whether those facts show, *inter alia*, that the defendant's conduct was objectively reasonable under clearly established law at the time of the conduct. *E.g., **Kinney v. Weaver***, 367 F.3d 337, 346-50 (5th Cir. 2004) (en banc). (We need not reach whether Allred reasonably relied on the field test he conducted to determine probable cause.)

The district court ruled that, based upon our court's precedent, the arrest could not be supported by the probable cause that existed for the traffic violations discovered by Allred before and during his stop of Greenlee's vehicle. The Supreme Court's decision in ***Devenpeck v. Alford***, 125 S. Ct. 588, 593-95 (2004), abrogates our court's rule that the uncharged offense establishing probable cause be related to, and based upon the same conduct as, the offense identified by the arresting officer at the time of the arrest, *see **Trejo v. Perez***, 693 F.2d 482, 485-86 (5th Cir. 1982), or given by the officer at booking, *see **Gassner v. City of Garland***, 864 F.2d 394, 398 (5th Cir. 1989).

Accordingly, we **VACATE** the district court's determinations in regard to Allred's summary judgment motion based upon qualified immunity and **REMAND** the case to the district court for consideration in the light of the Supreme Court's recent opinion in ***Devenpeck***. (On remand, should the district court continue to deny qualified immunity and should Allred pursue another interlocutory

2

appeal, the field-test issue *not* reached in this opinion will be subject to our review, should Allred again present it.)

**VACATED AND REMANDED**